

# HELEN F. DALTON & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

February 3, 2021

<u>Via ECF</u>
The Honorable Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quorropas Street
White Plains, New York 10601

# MEMO ENDORSEMENT

Re: **Blanco v. Nikko Steakhouse & Lounge, Inc., et al.
19-CV-9295 (KMK)(PED)**

Dear Judge Karas:

Our office represents the Plaintiff in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their continuing negotiations following the parties February 2020 court-annexed mediation.

**Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $20,000.00, including attorneys' fees (which are addressed below). The parties reached this settlement after approximately one year of negotiations during the course of discovery.

**The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

a. Plaintiffs' Position

Juan Galicia Blanco ("Plaintiff") alleged that he was employed by Nikko Steakhouse & Lounge, Inc., Ken Chen and Lendy Chen (collectively, the "Defendants") as a busboy from in or around April 2019 until in or around July 2019. Plaintiff brought this action alleging that he was not paid proper overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") and that his hourly rate of pay fell below the applicable New York State minimum wage rate. Plaintiff also alleged that he was entitled to statutory penalties under NYLL for wage statement violations.

Plaintiff alleged that during the relevant statutory period, he regularly worked sixty-six (66) hours per week. However, Plaintiff alleged that he was paid a flat weekly salary of $420.00 per week. Plaintiff further alleged that this weekly salary that did not account for his approximately twenty-six (26) hours of overtime per week and that this weekly salary resulted in his calculated hourly rate falling far below the applicable minimum wage rate. Plaintiff also alleged that he received his weekly pay entirely in cash and did not receive a paystub or wage statement with his pay. In total, Plaintiff alleged approximately $11,768.00 in unpaid wages owed to him, not including penalties or liquidated damages.

Although Plaintiff was confident that he could succeed on all of his claims at trial, his preference was a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiff considered the defenses raised by Defendants below, the records produced by Defendants in advance of mediation, and the timing of a payment in the near future as opposed to the uncertainty of a trial at a much later date.

### b. Defendants' Position

Defendants hereby alleged that Plaintiff worked for Defendants for no more than two months from May to June, 2019. Defendants have set forth many factual allegations on the answer to complaint denying Plaintiff's factual allegations. In particular, Defendants do not agree with Plaintiff's allegation regarding his period of employment and number of house Plaintiff worked for Defendants. In order to avoid prolonged litigation, which may be costly to both parties, Defendants agree to settle this Action while Defendants do not admit any wrongdoings or liabilities.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

The parties have agreed to settle all claims asserted in this matter for $20,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved with back-and-forth negotiations following a court-annexed mediation. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the number of hours worked by Plaintiff and the wages paid to Plaintiffs, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

**The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is narrowly-tailored to claims "which were alleged in the Complaint filed in this action, specifically including [FLSA] and [NYLL] and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide wage statements, which Plaintiff ever had or now have against the Defendants." The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including unknown claims and claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $20,000.00.

Plaintiff will recover $12,789.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with his retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $817.00, for identifiable expenses, which include the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services, Inc. ($410.00) and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $7,211.00.

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $817.00
**Settlement less Expenses:** $19,183.00
**Requested Attorneys' Fees:** $6,394.00 ($19,183.00 / 3)
**Total payable to Attorneys:** $7,211.00 ($6,394.00 + $817.00)
**Total payable to Plaintiff:** $12,789.00 ($20,000.00 - $7,211.00)

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiff's counsel has zealously advocated for their client throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs. Lastly, even after requested attorneys' fees and expenses have been deducted, Plaintiff will stand to recover an amount greater than 100% of his alleged unpaid wages.

**<u>Closing</u>**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of arms-length negotiations and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. We thank Your Honor for his consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorneys for Plaintiff*

The Court approves the proposed Settlement Agreement as it comports with the standards articulated in *Cheeks*. As such, tomorrow's status conference on 3/12/21 is adjourned.

White Plains, NY
March 11, 2021

SO ORDERED
KENNETH M. KARAS U.S.D.J.

# AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JUAN GALICIA BLANCO** (hereinafter referred to as "Plaintiff") and **NIKKO STEAKHOUSE & LOUNGE INC., and KEN CHEN and LENDY CHEN, as individuals** (hereinafter collectively referred to as "Defendants"), regarding Plaintiff's employment and the settlement of any and all claims Plaintiff has or may has against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 19-CV-9295 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.** **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. On or before March 11, 2021, Defendants shall cause Plaintiff to be paid the gross sum of twenty thousand dollars ($20,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

> i. One bank check or certified check in the amount of twelve thousand seven hundred eighty-nine dollars and zero cents ($12,789.00) payable to Juan Galicia Blanco.
>
> ii. One bank check or certified check in the amount of seven thousand two hundred and eleven dollars ($7,211.00) payable to Helen F. Dalton & Associates, P.C.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. Upon receiving the full payment listed in Paragraph 1(a)(i), Plaintiff will file a Stipulation of Discontinuance with prejudice with the Court.

d. Plaintiff's attorney agrees to hold and not to distribute any and all Settlement Funds in escrow until Stipulation of Discontinuance is so ordered by the Court.

## 2.     Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, his successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, whether named or unnamed in this Action, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff now has or has ever had.

## 3.     Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 4.     Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 5.     Effective Date

This Agreement and Release shall become effective immediately upon execution.

## 6.     Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFF:**

______________________________
**JUAN GALICIA BLANCO**

**Date:** 2/2/21

**Plaintiff's Attorney:**

______________________________
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415

**DEFENDANTS:**

**NIKKO STEAKHOUSE & LOUNGE, INC.**

______________________________
______________________________, **Agent Authorized to sign on behalf of NIKKO STEAKHOUSE & LOUNGE, INC.**

**Date:**___________

______________________________
**KEN CHEN, as an individual**

**Date:**__________

______________________________
**LENDY CHEN, as an individual**

**Date:**__________

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**PLAINTIFF:**

_____
**JUAN GALICIA BLANCO**

Date:_____

**Plaintiff's Attorney:**

_____ 02/01/2021
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415

**DEFENDANTS:**

**NIKKO STEAKHOUSE & LOUNGE, INC.**

_____
**Gui Jin Chen, Agent Authorized to sign on behalf of NIKKO STEAKHOUSE & LOUNGE, INC.**
Date: 02/01/2021

_____
**KEN CHEN, as an individual**
Date: 02/01/2021

_____
**LENDY CHEN, as an individual**
Date:02/01/2021